UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SARA KYD COACH<br><br>Defendant. | Case No. 1:25-cr-00175-DCN-1<br><br>**REPORT AND RECOMMENDATION** |

On October 29, 2025, Defendant SARA KYD COACH appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 25). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

Having conducted the change of plea hearing and having inquired of the Defendant, defense counsel, and counsel for the government, the Court finds there is a factual basis for the Defendant's guilty plea, that it was entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered a guilty plea is an offense in a case described in subparagraph (C) of 18 U.S.C. § 3142(f)(1), subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention on June 23, 2025. (Dkt. 7). A detention hearing was held, and the Government withdrew its motion. (Dkt. 15). The Court entered an Order of Release on June 26, 2025. (Dkt. 17). Defendant has been on release since that date and is in compliance with the terms of release. The Government represents that it does not have information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

While on release, Defendant has maintained employment, participated in substance abuse treatment, and she has two children who rely on her for support.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and the disruption in the course of treatment of Defendant's that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## **RECOMMENDATION**

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant SARA KYD COACH's plea of guilty to Count Two of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant SARA KYD COACH's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement (Dkt. 25).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One and Three of the Indictment (Dkt. 2) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 17).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 29, 2025

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE